UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAVIER SAENZDEVITERI,

        Plaintiff,                                      24 Civ.

        v.                                            **COMPLAINT**

METRO-NORTH COMMUTER RAILROAD,           JURY TRIAL REQUESTED

        Defendant.
------------------------------------------------------------------------X

      Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

## THE PARTIES

      1.      The plaintiff is a resident of the State of New York, County of Suffolk, and City of Central Islip.

      2.      The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court, with a usual place of business in New York.

      3.      Prior to July 12, 2021, and at all times hereinafter mentioned, the defendant employed the plaintiff as a 3rd railman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

      4.      Prior to July 12, 2021 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the right of way near Mile Post 17.3 north of Glenwood Station in Yonkers, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

      5.      During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On July 12, 2021, the plaintiff was working as a 3rd railman at the direction and training of defendant, when plaintiff was responding to a tree down across the tracks.

11. Plaintiff and a co-worker were ordered to replace broken third rail brackets and to use a wood pry stick/bar and a steel bracket as a fulcrum as part of that process.

12. While performing the assigned task, the pry bar slipped off the bracket, causing plaintiff to fall backward.

13. As a result of the fall, plaintiff injured his right leg.

14. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

15. Plaintiff's injuries include, but are not limited to, right thigh hyperextension with inflammation and lost time.

## COUNT I
## Violation of FELA

16. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

17. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

18. On or about July 12, 2021, while the plaintiff, an employee of the defendant, was in the performance of his duties as a 3rd Railman along the right of way near Mile Post 17.3 north of Glenwood Station in Yonkers, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

   a. in failing to provide plaintiff with a reasonably safe place to work;

   b. in failing to warn;

   c. in failing to provide reasonable means to perform the work assigned, including but not limited to proper tools, materials and/or equipment;

   d. in failing to provide adequate manpower for the work assigned;

   e. in failing to provide adequate lighting for the work assigned;

   f. in failing to provide adequate space for the work assigned;

   g. in failing to provide reasonable protection at plaintiff's work area;

   h. in failing to inspect plaintiff's work area

   i. in failing to train its employees;

   j. in failing to supervise its employees;

   k. in failing to ensure that its employees had sufficient knowledge to perform the task assigned;

   l. in failing to respond to prior complaints;

    m. in assigning tasks to plaintiff which it knew or should have known were beyond plaintiff's technical or physical abilities in light of the tools provided;

    n. in failing to maintain plaintiff's workplace; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

19. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

20. The plaintiff was damaged thereby in a sum in excess of $200,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS; together with the costs and disbursements of this action.

    Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com